JOHN HENNESSEY, Respondent, *v.* MARTIN PAULSEN et al.,
Appellants.

1. EJECTMENT — PARTIES. While the plaintiff in an action of ejectment may, he is not obliged to join as parties defendant all those who may be occupants of the premises described. The words of the Code of Civil Procedure (§ 1502), "the occupant thereof" may be read as meaning an occupant, and not all the occupants.

2. DEMURRER. In an action of ejectment the answer alleged a defect of parties defendant, in that one M. "was and now is an occupant of a part of the premises" as a tenant of one D., "who was and still is the legal owner and in possession of the whole of said premises, and neither of said persons has been made party defendant herein." *Held,* that a demurrer to this defense should have been sustained.

Reported below, 12 Misc. Rep. 384.

(Argued October 7, 1895; decided October 15, 1895.)

APPEAL from an interlocutory judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 13, 1895, which reversed a judgment of the Special Term overruling plaintiff's demurrer to the answer herein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles C. Sanders* for appellants. The defense demurred to by plaintiff positively asserts that there is a defect of parties defendant, gives the names of the parties who should have been joined as defendants, and states they are in the occupation and possession of the premises described in the complaint. The demurrer was improperly sustained. (*Prosser* v. *Matthiessen,* 26 Hun, 527; Code Civ. Pro. § 1502; *Martin* v. *Rector,* 101 N. Y. 77; *Finnegan* v. *Carraher,* 47 N. Y. 493.) All occupants of land must be made parties to an action of ejectment. (Code Civ. Pro. §§ 1502, 1511, 1516, 1518; *Sisson* v. *Cummings,* 106 N. Y. 57; *Bradt* v. *Church,* 110 N. Y. 537–542; *Classon* v. *Baldwin,* 129 N. Y. 183–186; *Roby* v. *N. Y. C. & H. R. R. R. Co.,* 142 N. Y. 182; *Taylor* v. *Crane,* 15 How. Pr. 358; *Finnegan* v. *Carraher,* 47 N. Y. 493; *Stewart* v. *Parker,* 68 N. Y. 455.)

*John Townshend* for respondent. It appears on the face of the Code that it is not in every case permissible to sue all the occupants in one action, and it follows that in some cases it is permissible to sue some only of the occupants. (Code Civ. Pro. §§ 1516, 1517.) The law prescribes that, if the premises are occupied, the occupant must be made defendant. Though the plaintiff may in one action, except as provided in the Code, section 1516, sue all the occupants, he need not. The words " the occupant " seem to mean an occupant, and cannot mean all the occupants. (2 R. S. 304, § 4.) A plea of defect of parties is the substitute for a plea in abatement, and it was a rule of such pleas that they must give plaintiff a better writ. In the present instance this defense fails to show that plaintiff could maintain an action against Mulhall and Duffy, because it does not show that their occupancy is an unlawful one as against plaintiff. (Stephens on Pleading [6th Am. ed.], 431, 432.)

GRAY, J. This action was for ejectment on a tax lease and the complaint is, in our judgment, sufficient. The answer, as a separate defense, alleges, " that there is a defect of parties defendant herein, in that at the time of the commencement of this action one John Mulhall was, and now is, an occupant of a part of the premises described in the complaint, as a tenant of one Rachel Duffy, who was, and still is, the legal owner and in possession of the whole of said premises, and neither of said persons has been made party defendant herein." To that defense the plaintiff demurred as being insufficient in law and his demurrer was overruled at the Special Term. Upon appeal the General Term reversed the decision of the Special Term and sustained the demurrer.

That such a defense is insufficient in law cannot be doubted. So far as the facts are therein alleged, it does not appear that Mulhall, however an occupant of a part of the premises, holds adversely to the plaintiff and it may well be, for all that appears, that he acknowledges the rights of the plaintiff. Though Rachel Duffy may be the legal owner and in posses-

sion of the whole of the premises, that allegation is not equivalent to an allegation that she is in occupation thereof and her ownership and possession may be in subordination to plaintiff's title; as Mulhall's occupation of the premises may be without any hostility to the claim of the plaintiff under his tax lease.

Passing over what seems to be defective in the allegations constituting this defense in the answer to the complaint, the question arises whether the plaintiff in ejectment is obliged to make all those who may be occupants of the premises described parties defendant. Section 1502 of the Code of Civil Procedure provides that, "if the property is actually occupied, the occupant thereof must be made defendant in the action." That language is hardly open to the reading that all the occupants must be sued in one action. Undoubtedly the plaintiff may make every occupant a defendant in his action; but I do not think that he is obliged to do so by the Code. We may read the words in section 1502, "the occupant thereof," as meaning an occupant and not all the occupants. It is difficult to perceive any good reason for permitting these defendants to object to the non-joinder of another defendant, when such joinder could in no wise benefit them nor be necessary for the determination of their rights. We can see how Mulhall as an omitted party might claim the right to be made a party to the action, if he deemed his interest in the real property to be imperilled; but how the defendants, who are alleged to be wrongdoers with respect to the plaintiff's property rights, have any interest which the law will recognize, in having another or other wrongdoers joined with them as defendants, we do not perceive.

In whatever light we look at the nature of this defense, which the defendants have interposed to the complaint, we think it insufficient in law and, therefore, we agree with the General Term below that the demurrer should have been sustained and their judgment should be affirmed, with costs.

All concur.

Judgment affirmed.