HENRY L. GLOS

*v.*

CATHERINE PATTERSON.

*Opinion filed February 21, 1902—Rehearing denied April 8, 1902.*

1. TRIAL—*when inquiry by court must be presumed to relate to time of bringing suit.*   If, on the trial of an action in ejectment brought under section 7 of the Ejectment act, concerning vacant property, the court inquires, "Is the lot involved in this cause vacant?" to which answer is made that it is "admitted by counsel for both parties to be vacant," it must be presumed that both the court and counsel understood the inquiry to relate to the time of bringing suit, and not the time of trial.

2. EJECTMENT—*what not an available defense to ejectment.*   In ejectment against one holding tax deeds on vacant property, the defendant cannot set up an outstanding right to the possession of the lot in a receiver appointed in a proceeding to foreclose a mortgage executed by the plaintiff's grantor, without in any way connecting himself with the mortgage or receivership.

3. SAME—*re-imbursement under tax deeds not necessary to right to judgment in ejectment.*   In an action of ejectment against the holder of tax deeds on vacant property, it is not necessary that the judgment in favor of the plaintiff be conditioned upon the re-payment of taxes to the holder of such deeds.   (*Riverside Co.* v. *Townshend,* 120 Ill. 9, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

F. J. GRIFFEN, and E. J. PRICE, for appellant.

WILLIAM GIBSON, and F. W. BECKER, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellant seeks upon this appeal to reverse a judgment in the court below against him in ejectment by appellee for the possession of lot 22, block 11, etc., in the city of Chicago. The plea was the general issue. The plaintiff offered proof of title from the government establishing an unbroken chain of title. The defendant sought to introduce certain tax deeds executed to him prior to plaintiff's title and payment of taxes thereunder, not as tending to prove paramount title, but to recover the amount paid as a condition precedent to plaintiff's right of recovery, which deeds were rejected and an exception duly taken. He also sought to set up an outstanding right to the possession of the lot in a receiver, appointed in a proceeding to foreclose a mortgage executed by plaintiff's grantor to one Robinson, without in any way connecting himself either with the mortgage or receivership. This evidence was also excluded and an exception preserved. The court directed a verdict for the plaintiff.

The action was brought under section 7 of the Ejectment act, which provides that "if the premises are not occupied, the action shall be brought against some person exercising act of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit." (Hurd's Stat. 1899, p. 728.) On the trial the court inquired, "Is the lot involved in this cause vacant?" in answer to which "it was admitted by counsel for both parties to be vacant." Counsel for appellant insist that this amounted to no more than an agreement of counsel that the premises were unoccupied

at the time of the trial, and not when the suit was begun. This we regard as entirely too narrow a construction of the inquiry and admission. It was wholly immaterial whether the premises were occupied at the time of the trial, but vital to the plaintiff's cause of action that they were unoccupied at the bringing of the suit, and we will presume both the court and counsel understood the inquiry to relate to the time the suit was begun.

The first ground of reversal urged is, "the plaintiff was not entitled to the possession of the said lot at the time of bringing suit, the right of possession thereto at said time being in the receiver." It appears from the record that on July 13, 1894, one E. A. Robinson filed his bill against John Kuhl and wife to foreclose a mortgage on the premises in question and for the appointment of a receiver, and that on February 27 following a receiver was appointed, who gave bond as such. On November 9, 1898, the suit was dismissed, and no order appears to have been entered discharging the receiver prior to that time. On October 29, 1898, prior to the dismissal of the suit, John Kuhl and wife conveyed the lot to the plaintiff, Catherine Patterson, by quit-claim deed, and she on the same day began this suit. The contention of appellant's counsel is that at that time the receiver was entitled to the possession of the property, and hence the plaintiff could not maintain the action. There is nothing in the abstract of the record, by reference or otherwise, to show that the receiver was ordered to take possession of the premises or that he at any time did so. There is nothing to show that he was entitled to or claimed possession when the action was brought. But if it were otherwise, his possession would not have ousted that of plaintiff's grantor, Kuhl, in favor of the defendant, a stranger to that litigation. (20 Am. & Eng. Ency. of Law,—1st ed.— 137; High on Receivers, secs. 134, 135; *Coates* v. *Cunningham,* 80 Ill. 467.) Admittedly the premises were unoccupied when the suit was brought.

It is next contended that the plaintiff failed to prove title in herself by legal and sufficient evidence. After making the required preliminary proof under the statute, the plaintiff offered in evidence exhibits "D" and "E," being letter-press copies made in the ordinary course of business prior to the destruction of the records of Cook county on October 8 and 9, 1871, in possession of persons then engaged in the business of making abstracts, and now in the possession of the Title Guaranty and Trust Company. The competency of these exhibits under the preliminary proof is not denied, but it is insisted that "they fail to show that the copies contain all the entries in relation to the lot in question." They did show all that was necessary to make out the plaintiff's chain of title. Defendant was at liberty to offer other parts of them, if he chose to do so. It was not necessary for the plaintiff to introduce more than the nature of her case required. *Heinsen* v. *Lamb*, 117 Ill. 549.

The third alleged error is, that the court below failed to make its judgment in favor of plaintiff conditioned upon her re-payment of taxes. It is claimed that the effect of the judgment below is to set aside tax deeds within the meaning of the proviso to section 224 of the Revenue act, (Hurd's Stat. 1899, p. 1432,) which requires "that any judgment or decree of court setting aside any tax deed procured under this act, shall provide that the claimant shall pay to the party, holding such tax deed, all taxes and legal costs, * * * before such claimant shall have the benefit of such judgment or decree." We disposed of this question in *Riverside Co.* v. *Townshend*, 120 Ill. 9, adversely to this contention, and said (p. 14): "It is manifest that the judgments or decrees referred to in the foregoing proviso are judgments or decrees rendered in proceedings which have for their object the setting aside of tax deeds procured under the Revenue act. An ejectment suit is never brought for such a purpose. It is not the proper office of a judgment in ejectment to set aside a

tax deed. By adopting the proviso in question the legislature merely intended to provide that wherever, in any proceeding properly instituted for that purpose, a tax deed should be set aside, the judgment or decree directing it to be done should require the claimant to pay to the holder of the deed whatever such holder had disbursed for taxes and costs and whatever the law awarded him as penalties. It was not the design of this amendment to change the action of ejectment into a chancery proceeding nor to confer any new or enlarged jurisdiction upon courts of law. No other tribunals were to be vested with the power of setting aside tax deeds than those which had been in the habit of granting such relief before the passage of the new law."

Counsel for appellant seek to have this language treated as mere *obiter*, but there is no ground for such contention. The question was directly involved in that suit and expressly decided. It is true that other reasons were given for holding, in that case, that the judgment was right without requiring the re-payment of taxes, but that fact cannot be urged as a reason for saying that the reason above given was mere *dictum*. But without reference to authority, we entertain no doubt that the judgment below is not a judgment setting aside tax deeds within the meaning of the statute. It is neither the object nor effect of an action of ejectment to set aside deeds or other muniments of title. The object of the action is merely to try the rights of the parties to the possession of premises and to establish the title to the same. The theory upon which relief is granted in a chancery proceeding under this statute is that he who seeks equity must do equity, and that doctrine can have no application to actions of ejectment.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*