## ADAM S. GLOS

### *v.*

### CATHERINE PATTERSON.

*Opinion filed October 26, 1903.*

1. EJECTMENT—*what does not preclude action of ejectment.* Acceptance of a deed to premises occupied by a party holding a lease from a receiver appointed in foreclosure proceedings does not preclude the grantee from maintaining ejectment against the tenant, where the declaration alleges unlawful withholding of the premises by the defendant, whose default admits the allegation.

2. SAME—*section 6 of the Ejectment act construed.* Section 6 of the Ejectment act, providing that if the premises are actually occupied the occupant shall be named defendant and all other persons claiming title or interest may be joined as defendants, does not require that such occupancy shall be exclusive in order to enable the plaintiff to join as defendants other claimants.

3. SAME—*purpose of sections 6 and 7 of Ejectment act.* Sections 6 and 7 of the Ejectment act are each intended to enable a plaintiff in ejectment to litigate and settle questions of title or interest in the premises claimed by persons not in possession.

4. SAME—*when the failure to name all occupants as defendants is not ground for reversal.* Failure of plaintiff in ejectment to join as defendant a party occupying a portion of the building is not ground for reversal, as against the holder of a tax title who was joined as defendant with a tenant of the other portion of the building, where

the holder of the tax title was in no way interested in the posses-
sion or occupancy of the omitted party.

5. PLEADING—*when objection of non-joinder is not waived by failure to plead.* Failure to plead the non-joinder in ejectment of an occu-
pant of a portion of the premises is not a waiver of the objection,
since such non-joinder, if a defense to the action, may be proved
under the general issue, under section 19 of the Ejectment act.

APPEAL from the Circuit Court of Cook county; the
Hon. R. W. CLIFFORD, Judge, presiding.

F. J. GRIFFIN, and ENOCH J. PRICE, for appellant.

WILLIAM GIBSON, and F. W. BECKER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in ejectment against
appellant and one George Lotz in the circuit court of
Cook county, to reverse which Glos alone appeals.

The declaration was in the usual form, averring, as
provided by section 11 of chapter 45, entitled "Eject-
ment," that on the 28th day of November, 1898, plaintiff
was possessed of lot 24, block 11, etc., in the city of Chi-
cago, which she claimed in fee, and that the defendants
afterwards, on the 9th day of the same month, entered
into such premises and unlawfully withheld the same
from the plaintiff, etc. Appellant filed a plea of the gen-
eral issue, and also a special plea, denying that he was
then, or ever had been, in possession of the tenements,
or any part thereof. A general demurrer was sustained
to the special plea, and no error is assigned upon that
ruling of the trial court. The defendant Lotz was de-
faulted and the case tried by jury upon the general issue
alone. At the close of all the evidence the defendant
Glos asked the court to direct a verdict in his favor,
which was refused and a peremptory instruction given
to find the defendant guilty and that the plaintiff was
seized of an estate in fee simple in the premises described
in the declaration. A verdict being returned in obedi-
ence to that instruction, judgment was entered accord-

ingly. After the verdict, but before judgment, defendant entered a motion to have the evidence heard as to the payment of taxes at the tax sale at which he purchased the premises, and subsequent taxes paid by him, in order that the court might give him a judgment therefor as a condition to the plaintiff's having judgment for the premises, but that motion was overruled.

The material facts of the case are these: On a bill of foreclosure against John Kuhl and wife, a former owner of the lot, one Charles A. Sturtevant was appointed receiver and ordered to take possession of and lease the premises, which he did. In the meantime, on October 26, 1896, Kuhl and wife conveyed the property, by quitclaim deed, to appellee, Catherine Patterson. On the 9th of the following month the foreclosure suit was dismissed on the motion of the complainant in that bill, and thereafter, on the same day, this suit was begun. There was a frame building on the lot, and the defendant Lotz occupied a front room in the same at that time under a lease by the receiver, Sturtevant. Evidence was offered on behalf of the defendant Glos to the effect that certain back rooms in the building were also for a time occupied by one Emil Oberg. From whom he got possession, whether he paid rent or how long he occupied the rooms does not appear, but the testimony at least fairly tended to prove that he was an "actual occupant" of a part of the house when the suit was begun and that his occupancy was in no way connected with that of Lotz. As a matter of fact, the defendant Glos was never in possession or occupancy of the property or any part of it, the action being brought under section 6 of the chapter on Ejectment, (Hurd's Stat. 1901, p. 757,) which provides: "If the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the suit; and all other persons claiming title or interest to or in the same, may also be joined as defendants."

When the case was first submitted, it was insisted, among other grounds for a reversal, that the trial court erred in refusing to hear evidence as to the amount paid by appellant at the tax sale at which he became purchaser, and for subsequent taxes, and to give him a judgment therefor, to be paid as a condition precedent to the recovery of possession by the plaintiff. That question was disposed of in the case of *Glos* v. *Patterson,* 195 Ill. 530, adversely to this contention, and the point is no longer insisted upon.

In the argument of the case upon the present rehearing only two grounds of reversal are urged. The first ground is, that appellee could not maintain the action against the defendant Lotz, because by accepting the deed for the premises while he was in possession of the front room of the building under a lease executed by the receiver, the plaintiff below became the landlord of Lotz and he became her tenant. Conceding the premises to be true,—that is, that Lotz was in possession at the time the suit was brought, as her tenant,—the conclusion by no means follows. There is nothing to show that his possession had not become wrongful as against her, and if it had, she could unquestionably maintain ejectment against him. By his default he admitted the allegations of her declaration to be true.

The second ground of reversal insisted upon is, that Oberg was a necessary party to the suit, the contention being, that the language of said section 6, "if the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the suit," requires that all actual occupants shall be made parties defendant as a condition to making all other persons claiming title or interest to or in the same, defendants. It is a general rule that non-joinder of defendants can only be availed of where the defect does not appear upon the face of the plaintiff's pleading by plea or answer, and that in the absence of such plea

or answer the objection will be treated as waived. Counsel for appellee insist upon the rule as applicable to this alleged ground of reversal, and cite *Clason* v. *Baldwin,* 129 N. Y. 183, as sustaining their position. It was held in that case, which was ejectment under a statute similar to our own, that where the land sued for was in the possession of the defendant's tenant, who was not made a party to the action, the defendant could not avail of that objection without pleading the non-joinder, but it was also held that the plaintiff was not entitled to judgment for possession of the premises. Section 19 of chapter 45 of our statute provides, that under the plea of not guilty "the defendant may give in evidence any matter that may tend to defeat the plaintiff's action, except as hereinafter provided." Under this statute, if the plaintiff could only maintain her action by making all actual occupants defendants, jointly with appellant, defendant could under this section prove that Oberg was an actual occupant. We do not, therefore, regard the objection as being within the general rule as to non-joinder of parties.

A more serious question is whether it was necessary, under the facts in this case, to join Emil Oberg as a party defendant. The house upon the lot, though consisting of several rooms, was a single building, and notwithstanding but one room was occupied by the tenant, Lotz, it is clear that under section 6 the plaintiff could have maintained the action even if all the other rooms had been unoccupied,—that is, she would not, in that case, have been required to bring two actions, one under section 6 and another under section 7. Both these sections of the statute are intended to enable a plaintiff in ejectment to try and settle the title to premises claimed by him as against other persons claiming title or interest therein who are not in possession, and the real question in this case, upon the trial, was one of title between Catherine Patterson and Adam S. Glos. He had no interest whatever in Oberg's possession or right of occupancy.

In *Hennessey* v. *Paulson*, 147 N. Y. 255, the action was ejectment under a statute substantially like section 6, *supra*, and an attempt was made to raise the question that all the actual occupants of the premises were not made defendants. Gray, J., rendering the opinion of the Court of Appeals, said: "The answer, as a separate defense, alleges that there is a defect of parties defendant herein, in that at the time of the commencement of this action one John Mulhall was and now is an occupant of a part of the premises described in the complaint, as tenant of one Rachael Duffy, who was and still is the legal owner and in possession of the whole of said premises, and neither of said persons has been made parties defendant herein. To that defense the plaintiff demurred as being insufficient in law, and his demurrer was overruled at the special term. Upon appeal the general term reversed the decision of the special term and sustained the demurrer. That such a defense is insufficient in law cannot be doubted. * * * Passing over what seems to be defective in the allegations constituting this defense in the answer to the complaint, the question arises whether the plaintiff in ejectment is obliged to make all those who may be occupants of the premises described, parties defendant. Section 1502 of the code of civil procedure provides that 'if the property is actually occupied the occupant thereof must be made defendant in the action.' That language is hardly open to the reading that all the occupants must be sued in one action. Undoubtedly the plaintiff may make every occupant a defendant in his action, but I do not think he is obliged to do so by the code. We may read the words in section 1502, 'the occupant thereof,' as meaning an occupant, and not all the occupants. It is difficult to perceive any good reason for permitting these defendants to object to the non-joinder of another defendant when such joinder could in nowise benefit them or be necessary for the determination of their rights. We can see how Mulhall, as an

204—35

omitted party, might claim the right to be made a party to the action if he deemed his interests in the real property to be imperiled; but how the defendants, who are alleged to be wrongdoers with respect to the plaintiff's property rights, have any interest which the law will recognize in having another or other wrongdoers joined with them as defendants we do not perceive."

At most, the failure to make Emil Oberg a joint party defendant in this case, which is objected to for the first time in this court, was the merest technical error, in no way or manner prejudicial to the rights of the appellant, Glos.

Upon a re-examination of the record and a careful consideration of the briefs and re-arguments of counsel on both sides, we are convinced there is no reversible error in the judgment of the circuit court, and it will accordingly be affirmed.                    *Judgment affirmed.*