## ADAM S. GLOS
### v.
### CATHERINE PATTERSON.

*Opinion filed April 20, 1904.*

1. PLEADING—*when motion for leave to file a plea is properly denied.* Denial of a motion by a defendant in ejectment for leave to file a verified plea denying possession is proper, where the motion was not made until the case was called for trial, there being no excuse offered for the delay, and where such defendant was made a party under section 6 of the Ejectment act, as one not in possession.

2. EJECTMENT—*when defendant cannot complain of omission of demand for possession.* Failure of plaintiff in ejectment to demand possession before beginning suit cannot be complained of by a defendant who was not in possession, where the defendant in possession defaulted, thereby admitting the allegation of unlawful withholding possession to be true.

APPEAL from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

ENOCH J. PRICE, for appellant.

WILLIAM GIBSON, and F. W. BECKER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On November 9, 1898, appellee brought suit in eject- ment in the circuit court of Cook county against George Lotz and Adam S. Glos to recover possession of lot 24, block 11, in the city of Chicago. A trial by jury on July 22, 1901, resulted in a judgment for the plaintiff for pos- session of the premises, from which an appeal was prose- cuted to this court and the judgment below was affirmed. (See 204 Ill. 540.) Within a year after the entry of that judgment the defendant Glos paid the costs and took a new trial under the statute. A jury being waived, a trial was had before the court and judgment again rendered on December 31, 1902, in favor of the plaintiff, and the defendant again appeals.

A statement of the facts of the case will be found in our former opinion, (*Glos* v. *Patterson*, 204 Ill. 540,) also the questions then presented for our decision.

At the beginning of the trial upon which the judg- ment now appealed from was rendered, defendant en- tered a motion for leave to file a verified plea denying possession, which was overruled by the court and re- newed at the close of all the evidence and again denied. It is insisted by counsel for appellant that such a plea was proper in order to make the issues conform to the proof. It is impossible to see what injury could have resulted to the defendant on account of the absence of such a plea. He was made a party defendant under sec- tion 6 of the Ejectment act, as one not in possession of the premises sued for, and it was not claimed or pre- tended upon the trial that he was, or ever had been, in possession. What purpose, then, would his plea have

209—29

served denying possession? Neither was the plea presented in apt time, the motion not being made until the case was called for trial and no excuse offered for the failure to present it sooner. *Phenix Ins. Co.* v. *Stocks*, 149 Ill. 319.

On the trial plaintiff attempted to show a connected paper title derived from the government, but, except one certified copy from the general land office, all the links in her chain of title prior to the fire of 1871 were shown by an affidavit of William Gibson as to the loss of the original deeds and the destruction by fire of the original records, followed by two affidavits of Henry H. Handy, one having an annexed memorandum which the affidavit stated was a true copy of an abstract of title in the possession of the Title Guarantee and Trust Company, and another affidavit having an annexed memorandum which the affidavit stated was a true copy from a book of original entry formerly belonging to Jones & Sellars and now in the possession of the Title Guarantee and Trust Company. There was also an affidavit, with memorandum attached, made by Harrison B. Riley, which stated that the memorandum was a true copy of an abstract and minutes taken from books and indices formerly belonging to Chase Bros. and Shortall & Hoard, etc., now in the possession of the Title Guarantee and Trust Company. No evidence was offered to show the history of these memoranda or the correctness of the copies, and appellant claims that the preliminary proofs, as made, were insufficient, under the statute, to admit the secondary evidence.

Section 24 of chapter 116 (Hurd's Stat. 1901, p. 1429,) provides, in substance, that whenever, upon the trial of any suit, any party, or his agent or attorney, shall, orally in court or by affidavit filed, testify and state under oath that the originals of any deeds or records relating to any land or title in controversy are lost or destroyed or are not within the power of the party to

produce the same, it shall be lawful for such party to offer as evidence any abstract of title or letter-press copy thereof made in the ordinary course of business. prior to such loss or destruction; and it shall also be lawful for any such party to offer extracts or minutes which were at the date of such destruction or loss in the possession of persons then engaged in the business of making abstracts of title for others for hire. We think the affidavits offered in evidence as to the destruction of the deeds and records, and the letter-press copies as offered, were in substantial compliance with this statute, and the court committed no error in admitting them. *Russell* v. *Mandell*, 73 Ill. 136; *Miller* v. *Shaw*, 103 id. 277; *Chicago and Alton Railroad Co.* v. *Keegan*, 152 id. 413; *Cooney* v. *Booth Packing Co.* 169 id. 370.

It is next insisted by the appellant that the judgment below was erroneously entered, for the reason that no demand for possession was made upon Lotz before the commencement of the suit. This point was passed upon in the former case, (204 Ill. 540,) and what we there said applies to this appeal,—not as *res judicata*, but because the question was there decided and nothing is here shown to question the correctness of that decision. The declaration alleges that on the 9th day of November, 1898, Lotz entered into possession of said premises and unlawfully withheld from the plaintiff the same. To this declaration Lotz permitted his default to be entered, thus confessing the allegations of the declaration as true. The appellant was only made a party defendant because he claimed some title or interest in the premises by reason of his tax deeds. It was admitted in the record that he was not in possession and had never been in possession and had never made any attempt to get in possession. Therefore the question of the possession of Lotz, and any demand that might have been made upon him, in no way affected the title or interest of appellant, and he therefore was in no position to make any complaint that

a demand was not made upon Lotz, even if such demand had been necessary under the pleadings in the case. As the record now stands, no demand was necessary upon Lotz, and for this reason the appellant has no cause for complaint.

We find no reversible error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*