EUGENE L. ELLISON, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. CLOUD ON TITLE—*copies of abstracts of record need not contain all that is shown in the originals.* If the proper preliminary proof has been made to entitle copies of abstracts of title to be admitted under section 24 of the Records act, and a reasonable opportunity has been given the defendant to verify the correctness of such copies, they are admissible in evidence even though they may not contain all that is shown in the originals in regard to the property. (*Glos* v. *Patterson,* 195 Ill. 530, followed.)

2. SAME—*what proof of title will justify decree removing tax deed as a cloud.* If the complainant in a bill to remove a tax deed as a cloud proves a decree in a burnt records proceeding establishing title in fee simple in certain persons, and shows that he has succeeded to their title by a regular chain of conveyances, such proof is sufficient to justify a decree removing a tax deed as a cloud, even though there is no proof of title prior to that time.

3. EVIDENCE—*when affidavit is sufficient to authorize admission of copies of deeds.* An affidavit reciting that the affiant is the agent and attorney for the complainant and that the complainant desires to use certain deeds (describing them) on the trial, and stating that the originals of such deeds are "each and all" acknowledged and entitled to be recorded, and that such originals are "each and all lost or destroyed" and not in the power of complainant to produce the same, and that they were not intentionally destroyed or disposed of for the purpose of introducing copies, is sufficient to entitle such copies to admission. (*Scott* v. *Bassett,* 194 Ill. 602, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Eugene L. Ellison, claiming to own in fee simple lots 15, 17 and 18, in block 1, in Mulvey and others' subdivision of the north half of the north-west quarter of

the north-west quarter of section 15, township 38, north, range 14, east of the third principal meridian, situated in the city of Chicago, Cook county, Illinois, filed his bill in the circuit court to remove and cancel as a cloud upon his title a tax deed issued to appellant, Jacob Glos. The bill alleged that appellee was the owner of the premises in fee simple; that said premises were unimproved and unoccupied and no person was in the possession of any part thereof; that a tax deed issued to appellant and filed for record September 5, 1908, purporting to convey said premises to the appellant pursuant to a sale thereof for non-payment of taxes, was invalid and void. The bill set out numerous grounds upon which it was claimed the tax deed was invalid, but as the errors assigned on this appeal raise no question concerning the validity of the deed and appellant asserts no claim of title by virtue thereof, it is unnecessary to set out the allegations of the bill or further refer to that subject. Appellant answered the bill, denying all the material allegations. Replication was filed to the answer and the cause heard upon testimony offered in open court. The chancellor found that the proof sustained the allegations of the bill, that appellee was the owner of the premises and that the tax deed was null and void and a cloud upon the title. Appellee was ordered by the decree to pay to appellant the amount paid at the tax sale upon which the deed was issued, all subsequent taxes on the premises paid by appellant, together with interest thereon, and all costs and penalties incurred on account of said tax sale. The total amount so found due was $241, which the decree finds appellant refused to accept. It was therefore ordered deposited with the clerk of the court for the use of appellant, which the decree finds was accordingly done, and the tax deed was ordered canceled as a cloud upon appellee's title to the premises. This appeal is prosecuted by Jacob Glos for the purpose of reversing that decree.

The grounds relied on for reversal are that appellee did not prove title in himself by legal and competent evidence.

To sustain his title appellee offered in evidence copies of what are called ante-fire abstracts, also certified copies of deeds and a burnt record decree. It is conceded by appellant "the ante-fire abstracts of title offered in evidence in this case to prove the complainant's title show an apparent chain of title from the government down to George Peterson." It is also conceded that "it is only necessary for the complainant in a bill to set aside a tax deed as a cloud upon his title to show *prima facie* proof of title." Copies of two such abstracts were offered in evidence. Attached to each was the affidavit of John L. Day, secretary of the Chicago Title and Trust Company, stating that they were true copies from the original letter-press copies of the abstracts of title made by Jones & Sellars from the records in the office of the recorder of deeds in Cook county and from the records and files in the offices of the clerks of the circuit and superior courts of said county, in the due and ordinary course of business as abstract makers, prior to the destruction of the records, on or about October 8 and 9, 1871. The objection made to the introduction of these documents is, that the copies offered were not complete copies of the abstracts and did not contain all that was shown by the originals relating to the premises in controversy.

At the conclusion of appellee's evidence appellant testified in his own behalf that he had examined the originals from which copies were made and that the copies were not full and complete; that there were a number of items in each of the originals omitted from the copies. John L. Day, secretary of the Chicago Title and Trust Company, testified on behalf of appellee that the copies were copies of such parts of the original abstracts as the party ordering them desired and that all the items in the originals were not copied. Section 24 of chapter 116 of Hurd's Statutes authorizes the admission in evidence of copies of abstracts

upon preliminary proof having been 'made and reasonable opportunity given the opposite party to verify the correctness of such copies. (*Glos* v. *Patterson,* 209 Ill. 448.) It is conceded opportunity was afforded appellant to verify the correctness of the copies of abstracts offered in evidence in this case, and it is not denied that the proof of the loss or destruction of the original deeds or other instruments in writing was sufficient. The objection to the copies is that they do not contain all that was contained in the originals from which they were made. We think this question is conclusively settled against appellant in *Glos* v. *Patterson,* 195 Ill. 530, where it was said (p. 533): "The competency of these exhibits under the preliminary proof is not denied, but it is insisted that 'they fail to show that the copies contain all the entries in relation to the lot in question.' They did show all that was necessary to make out plaintiff's chain of title. Defendant was at liberty to offer other parts of them, if he chose to do so. It was not necessary for the plaintiff to introduce more than the nature of her case required."

These copies of abstracts showed title from the government by patent in 1842, through regular chain, to George Peterson, on January 28, 1869. From George Peterson to appellee the title was proven by the introduction of deeds and certified copies of deeds. Appellee also offered in evidence the record of a burnt record decree of the circuit court of Cook county, entered in 1878 pursuant to a mandate of this court, finding and adjudging George A. Springer and Frederick W. Springer to be the owners in fee simple of the premises described in this case. This decree was sufficient to establish title in the Springers at the time it was entered, and if appellee succeeded to their title by regular chain that would have justified the decree in the absence of proof of title prior to that time.

Appellee introduced in evidence certified copies of deeds from Peterson to Springer, from Springer to Wilson, from

Wilson to Springer, from Springer to King, from King to Dale and from Dale to Ward. The original deeds from Ward to Platt and from Platt to appellee were introduced in evidence. Appellant contends that the preliminary proof contained in the affidavit of Edmond McMahon, agent and attorney for appellee, as to the loss or destruction of the original deeds and the inability of appellee to produce them, was insufficient to authorize the introduction of the certified copies of the deeds. The affidavit, after reciting that the affiant is the agent and attorney of appellee and that appellee wished to use on the trial of the case certain deeds, (describing them particularly,) states "that the originals of said deeds are each and all acknowledged and proved according to the laws of the State of Illinois and are entitled to be recorded; that the originals of said deeds are each and all lost or destroyed and not in the power of said complainant to produce the same; and this affiant further says that to the best of his knowledge said originals of said deeds were not intentionally destroyed or in any manner disposed of for the purpose of introducing in evidence a copy or copies of them, or any of them, in place of said originals, or any of them."

Appellant insists that under the decision of this court in *Scott* v. *Bassett,* 194 Ill. 602, this affidavit was insufficient to authorize copies of the deeds being received in evidence. We think there is a vast difference between the affidavit in that case and the one in this case. In that case the language of the affidavit that the party desiring to introduce the deeds in evidence was unable to produce them and that they were not intentionally destroyed or disposed of, was held to refer to all the deeds collectively, and not severally, and it was said: "For aught that appears, some one or more of the deeds may have been destroyed or disposed of for the purpose of introducing a copy of the same, and the affidavit in that respect does not comply with the statute." No such objection appears to the affidavit here involved.

It states that the original deeds are each and all lost or destroyed, and that they were not intentionally destroyed or disposed of for the purpose of introducing in evidence a copy or copies of them, or any of them, in place of said originals, or any of them. This language plainly refers to and embraces the deeds collectively and severally, and to hold otherwise would be to place an absurd construction upon the affidavit. It sufficiently complies with the requirements of the statute to justify the admission in evidence of the copies of the deeds.

We find no error in the record and the decree of the circuit court is affirmed.

*Decree affirmed.*