EDWARD J. PHILLIPS, Appellee, *vs.* JACOB GLOS *et al.*— (D. ARNOLD and LUCY M. GLOS, Appellants.)

*Opinion filed June 21, 1912.*

1. EJECTMENT—*plea of not guilty is not a denial that the defendants claim title or interest.* A plea of not guilty in an action of ejectment brought under section 7 of the Ejectment act for unoccupied premises is not a denial that the defendants claim title to or an interest in the premises, as that issue is raised in actions of ejectment by filing a special plea verified by affidavit.

2. SAME—*when court may direct a verdict for plaintiff under section 7 of Ejectment act.* One who acquires title to unoccupied premises to which other persons claim title or interest under tax deeds is not obliged to take possession and file a bill to remove the tax deeds as clouds but he may bring ejectment under section 7 of the Ejectment act, and if he proves title the court may direct a verdict in his favor as against the defendants, who file a plea of not guilty but do not dispute the title.

APPEAL from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of ejectment brought by Edward J. Phillips against Jacob Glos, D. Arnold and Lucy M. Glos for lots 1 and 10, block 3, Summerdale Park, a subdivision in section 7, township 40, north, range 14, east of the third principal meridian, Cook county. The suit was brought under section 7 of the Ejectment act, for unoccupied premises. Jacob Glos filed a disclaimer and the suit was dismissed as to him. D. Arnold and Lucy M. Glos filed pleas of not guilty. A jury was empaneled and the evidence heard. At the conclusion of the testimony the court, on motion of plaintiff, instructed the jury to return a verdict in his favor. A motion to set aside the verdict and for a new trial was overruled and judgment rendered in favor of the plaintiff upon the verdict. To reverse that judgment the defendants, D. Arnold and Lucy M. Glos, have prosecuted this appeal.

That plaintiff proved title in himself of record is not denied. Defendants offered in evidence certain tax deeds, but as no preliminary proof entitling them to admission was offered they were not admitted, and no complaint is made of this ruling of the court. There was no proof that anyone had been in possession of the lots since 1887. The plaintiff, called as a witness by the defendants, testified the premises were unoccupied at the time the suit was begun and that there was nothing to have prevented him from taking possession at that time.

Appellants say the principal ground upon which they rely for a reversal of the judgment is that the evidence was insufficient. This claim is based upon the testimony of appellee that the premises were unoccupied when the suit was begun. Appellants insist that they were only theoretically vacant and unoccupied for the purpose of bringing an ejectment suit under section 7 of the Ejectment act, and thus avoiding the necessity of filing a bill to remove the tax deeds as clouds upon the title and reimbursing the holders

for the taxes paid by them. Section 7 of the Ejectment act authorizes bringing an action of ejectment for unoccupied premises against any person claiming title thereto or some interest therein. Appellants do not deny claiming title to or some interest in the premises, and on the trial offered a tax deed or deeds as evidence of such title or interest. The plea of not guilty is not a denial that the defendant claims title to or an interest in the premises. That issue is made in actions of ejectment by filing a special plea verified by affidavit. (Hurd's Stat. 1911, chap. 45, secs. 21, 22.)

Appellants contend that as appellee could have entered into the possession of the premises before and at the time he brought the suit, the case is to be considered as if he had been in possession and had vacated for the purpose of enabling him to begin an action of ejectment instead of filing a bill to remove cloud from title. There is no proof whatever that appellee was ever at any time in possession of the premises. So far as disclosed by the evidence the lots were vacant and unoccupied when appellee acquired title to them and he never at any time took possession of them. He was not required to do so, but was authorized by the statute to bring ejectment against any person claiming title to them while they were thus vacant and unoccupied. True, he might have taken possession and then filed a bill to remove cloud, but he was not obliged to do so. The only question to be determined in the case was one of title. Appellee's title was proved and was undisputed by any evidence in the record. We think the court properly directed a verdict for appellee, and that the judgment is abundantly warranted by the evidence.

We think there was no abuse of discretion in the ruling of the court denying appellants leave to file additional pleas during the progress of the trial. *Glos* v. *Patterson,* 209 Ill. 448.

The judgment is affirmed.     *Judgment affirmed.*