# Michael Kitza, Appellant, v. Oregon Short Line Railroad Company, Appellee.

## Gen. No. 16,602.

COMMON CARRIERS—*effect of failure to produce contract.* If a written contract is shown to have been entered into between the shipper and the carrier the shipper cannot maintain an action against the carrier with respect to any matter touching the transaction if he fails to introduce the contract in evidence.

Appeal from the Municipal Court of Chicago; the HON. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

CHARLES A. BUTLER, for appellant.

DAVIS & RANKIN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action was brought by appellant, Michael Kitza, against the Oregon Short Line Railroad Company in the Municipal Court of Chicago, to recover damages caused by the negligence of the railroad company in failing to safely carry sheep from Ketchum, Idaho, to Chicago, Illinois. The declaration consists of six counts. All the counts, except the fourth, declare on a verbal or common law contract of shipment. The fourth count declares upon a written agreement between the plaintiff and defendant.

At the close of the evidence the trial court instructed the jury to return a verdict in favor of the defendant, and judgment was entered upon the verdict so returned. Appellant, plaintiff below, prosecutes this appeal to reverse the judgment.

Several grounds are urged for the reversal of the judgment. We deem it necessary to the decision of the

case, as presented by the record, to consider and discuss only one feature of the case; namely that the contract between the parties was a written contract and it was not put in evidence, but recovery was sought upon an alleged agreement shown not to be the final contract which was entered into between the parties.

From the testimony of the appellant himself it appears that he told the agent at Ketchum, Idaho, after the sheep had been delivered to the carrier at that point: ''Well, we are shipping to Chicago. 'Well, all right,' he says. He made a contract out. He handed it to me and I signed it. * * * Yes, I looked it over. Q. Did you read it? A. Yes.'' The plaintiff further testifies that he kept his contract until he reached Omaha, where he exchanged it for a return ticket. The question is thus presented by the record whether a plaintiff may recover upon an oral or common law contract, consisting of words spoken at the time of shipment, when a written contract was entered into between the parties at the time of the shipment and before the freight started upon its route. In our opinion there can be no such recovery. The law is well settled that where oral negotiations or conversations are subsequently embodied in a written contract, the written contract supersedes the oral one, and is the contract, and the only contract. There cannot be an oral contract and a written contract subsisting between the parties where, subsequent to the conversation or negotiations, the contract is embodied in writing. This is the ordinary rule, and it applies in cases of shippers and carriers as well as between other parties. Hutchinson, Carriers, 3 Ed., Secs. 167, 168, 171; 6 Cyc., pp. 416, 420, 427; Richmond & D. R. R. Co. v. Shomo, 90 Ga. 496.

The burden of proof was upon appellant to prove the contract upon which the shipment was made. This he failed to do, and he cannot recover upon a contract which did not exist. The plaintiff availed himself of

the benefits of the written contract, which he says was entered into, and yet he occupied the attitude in the trial court of seeking to avoid its terms and conditions by basing his case upon an oral contract of shipment.

It is urged that there is no evidence of a written contract,—whether the paper which the plaintiff signed was a contract or otherwise,—and that the court cannot assume that the paper signed by the plaintiff was a contract. The answer to that contention is that the court was not required and this court is not required to make any such assumption. The plaintiff himself proved by his testimony that a written contract was entered into; that he read the contract and signed it. For the purpose of this case, therefore, it is shown without controversy that a written contract was entered into for the shipment of the sheep in question at the initial point of shipment and before the actual transit of the shipment was commenced. It appears from the evidence of the plaintiff that he had been engaged in the sheep business in Idaho for twenty-seven years, during which time he had shipped mainly to the Chicago market; and that he accompanied one or two shipments a year to Chicago over the route of the defendant company; and the plain inference is that he knew clearly the terms and conditions of the contract. He states positively that he read it. There is, therefore, no question in the case as to any illegal provisions in the contract of shipment for the contract is not before the court. The record is silent as to its terms and provisions. We think the evidence shows clearly the knowledge and assent of the plaintiff to this written contract, and whatever right of recovery he may have, if any, must be based, so far as this case is concerned, upon the terms and provisions of the contract which subsisted between the parties for the shipment of the stock in question.

We are of the opinion that under the facts and circumstances disclosed by the evidence in this case, a

common carrier may require a contract of shipment to be in writing. It appears that the stock was to be transported beyond the terminus of the defendant company, and required the stock to be delivered to a connecting line of transportation, and we see no reason why it would not be perfectly proper and legal for the defendant to require the contract of shipment to be in writing, especially in view of the fact that the Interstate Commerce law requires the carrier to issue a bill of lading or receipt. It has been expressly held that a carrier may require a written contract. Texas Mexican Ry. Co. v. Gallagher, 70 S. W. 97; Ft. Worth & D. C. Ry. Co. v. Wright, 58 S. W. 846; Chicago, Rock Island & Pacific Ry. Co. v. Colby, 69 Neb. 572.

The evidence in this case shows that it was customary for the defendant company to require a written contract in every instance, and this custom was of long standing and was well known to plaintiff.

The evidence shows very clearly, as we have stated above, that the contract between the parties was not offered in evidence. Plaintiff could not recover upon a contract which did not exist; and the court did not err in directing a verdict for the defendant. The judgment is affirmed.

*Affirmed.*