Charles E. Burtless et al., Appellees, v. Oregon Short Line Railroad Company, Appellant.

Gen. No. 17,086.

1.  CARRIERS—*when action must be brought by holder of bill of lading.* Under the Carmack amendment, chapter 3591 U. S. Comp. Stat. 1911, p. 1288, an action for loss, damage or injury to property transported from a point in one state to a point in another must be brought by holder of the bill of lading and it is presumed that a bill of lading was issued as the statute requires.

2.  BILL OF LADING—*no recovery when not introduced in evidence.* Where the record shows a bill of lading was issued, the shipper may not recover against the carrier if he fails to introduce it in evidence.

3.  CARRIERS—*damage for delay.* In an action for damage. to sheep in transportation, where plaintiff testifies concerning the time taken in different parts of the transit, it is error on cross-examination to exclude a question as to whether the sheep after being held at a certain place for several months were not sent on to their destination and delivered to the consignee on the original bill of lading, since such evidence would affect the measure of damages for unreasonable delay.

Appeal from the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court

at the October term, 1910.  Reversed and remanded.  Opinion filed
May 9, 1913.

JOHN A. SHEEAN, for appellant.

CHARLES A. BUTLER, for appellees.

MR. PRESIDING JUSTICE CLARK delivered the opinion
of the court.

A judgment for $2,876.84 in favor of the appellees
jointly as plaintiffs was obtained against the Oregon
Short Line Railroad Company as defendant, for dam-
ages alleged to have been sustained to seven carloads
of sheep and lambs delivered by one of the plaintiffs,
Charles E. Burtless, of Boise, Idaho, to the defendant
at Nyssa, Oregon, for transportation to the Knollin
Sheep Company at Chicago, via the Oregon Short Line
Railroad, the Union Pacific Railroad and the Chicago
& Northwestern Railway.  The action was one of the
first class in the Municipal Court, and a common-law
declaration consisting of two counts was filed, to which
was afterwards added an additional count, and there-
after by leave of court the plaintiffs filed an "amended
statement of claim herein."  The issue seems to have
been formed, however, on the common-law pleadings,
and the statement of claim may be treated, we think,
as a bill of particulars and not as the foundation of the
proceeding.

The property was delivered to the defendant October
22, 1906, nearly four months after the Carmack amend-
ment to the Interstate Commerce Act went into effect
(chapter 3591, U. S. Comp. Stat. 1911, p. 1288.)  At the
time of the trial three important decisions of the
United States Supreme Court were not in existence,
and in our opinion the trial was had upon the wrong
theory, due, no doubt, to the fact that counsel in the
case and the court did not have these decisions for
their guidance.  The cases referred to are *Adams Exp.*

*Co. v. Croninger,* 226 U. S. 491; *Chicago, St. P., M. & O. R. Co. v. Latta,* 226 U. S. 519; *Chicago, B. & Q. R. Co. v. Miller,* 226 U. S. 513. No bills of lading were introduced by the plaintiffs in the case, the only written evidence of the contracts between the parties being "limited liability live stock contracts" entered into between Burtless as shipper and the defendant at or about the time of the shipment, and introduced by the defendant.

As in our opinion there should be a retrial of the case, many of the points raised in the briefs need not be discussed. In the case of *Gamble-Robinson Commission Co. v. Union Pac. R. Co., post,* p. 256, we have in an opinion filed this day given our views as to the rights of parties under section 20 of the act. We there state it as our opinion that since the passage of the act, and under the construction given to it by the Federal Supreme Court, suits for loss, damage or injury to property transported from a point in one state to a point in another must be brought by the holder of the bill of lading, and the presumption is to be indulged in that a bill of lading was issued as the statute requires. We have heretofore held that where the record shows that a bill of lading was issued, the shipper may not recover against the carrier if he fails to introduce it in evidence. *Kitza v. Oregon Short Line R. Co.,* 169 Ill. App. 609.

Mr. Burtless in his testimony stated that the other plaintiff, Scott Anderson, was interested "in this consignment," but whether as joint owner or otherwise does not appear.

It appears from the testimony introduced by the plaintiffs that the animals were unloaded for feeding at different places along the route of the Oregon Short Line, the Union Pacific and the Northwestern railroads. Complaint is made that there were numerous delays on the way, and as to the alleged bad condition of some of the feed yards at which stoppage was had. The consignment arrived at La Fox, Illinois, about

thirty miles from Chicago, on the Chicago & Northwestern Railway, on the morning of November 2nd.

Mr. Burtless testified that the conditions of transit between Grand Island, Nebraska, and La Fox were exceptionally good, that the run was made quick and fast, and that the feed and water at La Fox "were as good as could be." He further testified that the usual and customary time of transit from Nyssa, Oregon, to Chicago via. this route was "about seven days, seven to eight days, maybe eight," thus showing that the transportation to La Fox consumed three days more than the usual time to Chicago. He was then permitted to testify, over the objection of the defendant, as to what the market value of the stock in question would have been at the Union Stock Yards in Chicago if the cars had reached there October 30th, and what the reasonable market value would have been if the consignment had come through after the usual rest at La Fox. On cross-examination he testified that the date of arrival at La Fox, November 2nd, was Friday, and that "we would have brought the sheep into Chicago on Sunday evening if they were in good marketable condition;" that he based his testimony of the market value of the sheep in the condition in which they should have arrived in Chicago on October 30th, on the general market; that the only knowledge he had about the condition of the market on the 30th was what he was told and from what he learned from the Drovers' Journal or through market reports; that he knew what the market was on November 5th.

He was asked on cross-examination whether the sheep, after being held at La Fox for a period, some of them for two months and some of them for three months, were not sent on in their transit to the destination and delivered to the Knollin Sheep Commission Company in Chicago on the original bills of lading. This question was objected to and the objection sustained. This was erroneous. If it be assumed that the

Chicago—First District—May, 1913.     253

Payette Fruit Pack. Co. v. Oregon S. L. R. Co., 180 Ill. App. 253.

plaintiffs were the legal holders of the bills of lading, and that after the long delay at La Fox, during which the sheep were fattened at plaintiffs' direction and expense, they directed the forwarding of them to the consignee at Chicago on the original contract of carriage, thus taking advantage of the through rate, the transportation contract was completed, and the damages for unreasonable delay, if such there was, would certainly be measured on an entirely different basis than that upon which recovery was permitted.

Even if the production of bills of lading (or their absence being accounted for) was not essential there must be a new trial for the errors in the rejection of evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*