CHICAGO—FIRST DISTRICT—MARCH, 1915.     53

Gemberling v. Grand Trunk Western Ry. Co., 192 Ill. App. 53.

### Ed. Gemberling, Defendant in Error, v. Grand Trunk Western Railway Company, Plaintiff in Error.

### Gen. No. 20,107.

1. CARRIERS, § 248*—*when bill of lading need not be introduced to recover for delay.* In an action against a carrier to recover damages for the negligent delay of a shipment of live stock, the introduction in evidence of the bill of lading is not essential to a recovery.

2. EVIDENCE, § 99*—*competency of portion of instrument.* In an action against a carrier to recover damages for the negligent delay of a shipment of live stock, the plaintiff is entitled to introduce in evidence merely the face of the bill of lading, and the defendant, if it sees fit, may introduce the conditions appearing on the back of same in so far as they are pertinent and material to the case.

3. APPEAL AND ERROR, § 1185*—*when conditions on back of bill of lading not reviewable.* Conditions appearing on the back of a bill of lading will not be reviewed where the plaintiff in an action against a carrier merely introduced the face of the bill in evidence and defendant did not see fit to introduce the remainder.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

KRETZINGER & KRETZINGER, for plaintiff in error.

EUGENE L. GAREY and ARCHIE J. DEUTSCHMAN, for defendant in error; FRANK D. FULTON and JOHN M. RANKIN, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Ed. Gemberling, the defendant in error, hereinafter referred to as the plaintiff, brought suit in the Municipal Court of Chicago, in an action of the fourth class, against Grand Trunk Western Railway Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany, plaintiff in error, hereinafter referred to as the defendant, to recover damages for alleged negligent delay by the defendant in the transportation of a car of live stock, belonging to the plaintiff, from Marcellus, Michigan, to Union Stock Yards, Chicago. The case was tried before a court and jury and a verdict in favor of the plaintiff for $54.72 was returned. Judgment was entered on the verdict and this writ of error followed.

The defendant contends that "the court erred in refusing to direct the jury to return a verdict for the defendant, because (1) the evidence was undisputed that the failure of the car to arrive at Chicago in time for the early market was caused by plaintiff's agent, at Wakely, Michigan; (2) plaintiff not being entitled to recover without the introduction in evidence of the bill of lading, was bound to introduce the whole bill and not a part thereof. The conditions on the back of the bill of lading provide that the carrier is not bound to transport the property by any particular train or in time for any particular market, and that claims for delay must be made within four months after the arrival of the stock at destination."

In reference to defendant's first contention it is sufficient to say that we are satisfied, after a careful examination of the evidence in the case, that there is no merit in the defendant's argument that the failure of the car to arrive at Chicago in due time was caused by the fact (as defendant asserts) that Sperry, plaintiff's agent at Wakely, was not on hand to load the car when the train of the defendant arrived at Wakely. The evidence, in our judgment, shows that Sperry was on hand when the train arrived at Wakely and that he promptly loaded the car as soon as it was "set at the stock yards," the regular place for loading at Wakely.

During the testimony of the plaintiff his counsel produced the bill of lading, issued by the defendant to

the plaintiff, and offered in evidence the face of the same. The counsel for the defendant objected to the said offer on the grounds that the plaintiff was obliged to introduce in evidence the bill of lading in order to recover in the case, and that it was therefore incumbent upon him to introduce the face and back of the said bill and that he had no right to introduce the face of the same only. The court allowed the plaintiff to introduce the face of the bill, to which action of the court the defendant excepted. The defendant did not, at any time during the trial, offer to introduce the back of the bill of lading. The back of the said bill contains, in printed type, ten "conditions." The following is the only part of the "conditions" that the defendant considers material to its defense:

"Sec. 3. No carrier is bound to transport said property by any particular train or vessel, or in time for any particular market or otherwise than with reasonable dispatch, unless by specific agreement indorsed hereon. *  *  *

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

The face of the bill contains (*inter alia*) the following:

"Received, subject to the classifications and tariffs in effect on the date of issue of this shipping order, at Marcellus, Mich., Oct. 25, 1911, from Ed. Gemberling the property described below *  *  *, which said company agrees to carry to its usual place of delivery at said destination, *  *  *.

It is mutually agreed *  *  *, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, herein contained (including conditions on back hereof) and which are agreed to by the shipper and accepted for himself and his assigns."

In support of its contention that the plaintiff could not recover in this case without introducing the bill of lading in evidence, the defendant cites the following cases: *Kitza v. Oregon Short Line R. Co.,* 169 Ill. App. 609; *Burtless v. Same,* 180 Ill. App. 249; *Ricks Sheep Co. v. Same,* 180 Ill. App. 220. The first two of these citations sustain the contention of the defendant, but the last one is adverse to it. However, our Supreme Court has passed upon the question now before us in *Gamble-Robinson Commission Co. v. Union Pac. R. Co.,* 262 Ill. 400, and the decision in that case is adverse to the contention of the defendant.

But the defendant contends, aside from the question as to whether or not the plaintiff was obliged to offer the bill of lading in evidence before he could recover, "the court erred in admitting in evidence the front page of the bill of lading without admitting therein the whole bill of lading, the front page which by express terms included the conditions on the back thereof." The plaintiff had the right to offer such portions of the bill of lading as he deemed pertinent and material to his case, and the defendant had the right to introduce such portion of the remainder as it deemed pertinent and material to its case. 9 Encyc. of Evidence, 176; *Imperial Hotel Co. v. H. B. Claflin Co.,* 55 Ill. App. 337; *Cramer v. Gregg,* 40 Ill. App. 442; *Coulter v. Travelers' Protective Ass'n,* 144 Ill. App. 255; *Heinsen v. Lamb,* 117 Ill. 549; *Garrick v. Chamberlain,* 97 Ill. 620; *Glos v. Patterson,* 195 Ill. 530; *Slingloff v. Bruner,* 174 Ill. 561. From the foregoing authorities it is plain that the court ruled properly in allowing the plaintiff to introduce the face of the bill of lading alone, and as the defendant did not see fit to introduce the back of the same, the alleged "conditions" and the effect of the same are not before us for consideration.

The judgment of the Municipal Court of Chicago will be affirmed.

*Affirmed.*