Henry Finkelstein, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

Gen. No. 20,439.

1. CARRIERS, § 248*—*when evidence sufficient to show written contract for carriage of live stock.* In an action by a shipper of live stock against the carrier to recover for injuries alleged to have been caused to the stock by defendant's negligence, plaintiff's evidence examined and *held* to show that a written contract for the carriage of the stock had been entered into.

2. CARRIERS, § 248*—*when introduction in evidence of written contract for carriage of live stock essential.* In an action by a shipper of live stock against the carrier to recover for injuries alleged· to have been caused to the stock by defendant's negligence, where it appears from plaintiff's evidence that a written contract had been entered into for the carriage of the stock, it is incumbent upon plaintiff to introduce the contract in evidence.

3. CARRIERS, § 248*—*when duty to introduce whole of written contract not relieved.* In an action by a shipper against a carrier of live stock to recover for injuries to stock, where it appears from plaintiff's evidence that he entered into a written contract with defendant, and plaintiff offers to introduce only a part thereof not showing a contract, plaintiff's contention that he is relieved from the duty of introducing other parts of the contract because he had not read and did not know of nor assent to the conditions contained in such parts, cannot be sustained, but the whole contract must be introduced, and if defendant introduces evidence showing that any of its provisions preclude recovery, plaintiff must introduce evidence showing the inapplicability of such provisions.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 16, 1916. Rehearing denied March 3, 1916.

Statement by the Court. This is a suit to recover damages sustained by plaintiff in error (plaintiff below), by reason of the alleged negligence of the defendant in error (defendant below), in the shipment of horses and mules over the defendant's line or road. Plaintiff's statement of claim alleges that one mule

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and two horses, the property of the plaintiff, were shipped from Assumption, Illinois, on or about May 11, 1912, to Chicago, Illinois, arriving at their destination May 13th; that the damages were incurred because of unreasonable delay in the transit of the said property; and that the amount of said damage was in the sum of one hundred and fifty dollars.

In the affidavit of merits, defendant denied that it was guilty of negligence or any unreasonable delay in the handling of the shipment in question; that the damage, if any, was due to the viciousness of the animals and the manner in which they were loaded into the car by plaintiff, who was charged with the loading thereof, and not to any negligence on its part; and further alleged that a written contract had been entered into with reference to said shipment; that under said contract the liability of defendant, if any, was limited; and that the valuation set upon the stock alleged to have been injured was in excess of the amount set forth in said contract; furthermore, that said contract provided that no claim for loss or damage should be valid against defendant unless such claim be put in writing, verified, and delivered to the general freight agent of the defendant company, or to the agent of defendant at the station from which the shipment was made, or to the agent at the point of destination, within ten days from the time said shipment was removed from said car; and that plaintiff failed to give such notice, wherefore he could not maintain his action.

Upon the trial below a jury was waived and the cause submitted to the court for trial. The court found the issues for the defendant, at the close of the plaintiff's case, and entered judgment for costs against the plaintiff; to reverse which plaintiff has prosecuted this writ of error.

EUGENE L. GAREY and ARCHIE J. DEUTSCHMAN, for plaintiff in error; FRANK D. FULTON and JOHN M. RANKIN, of counsel.

VERNON W. FOSTER and CALHOUN, LYFORD & SHEEAN, for defendant in error; J. G. DRENNAN, of counsel.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

In urging a reversal, plaintiff contends that the evidence on behalf of plaintiff shows a prima facie case of common-law liability. In support of said contention he insists that he has proven: "*First,* delivery of the horses to the defendant in good condition at Assumption, Illinois; *second,* filling instructions to the carrier of the consignee and destination; *third,* the reasonable and customary time required for such transit by the carrier; *fourth,* a longer period of time for the transportation of the horses than such usual and customary time; *fifth,* arrival of horses at destination in damaged condition; and *sixth,* amount of damage, if any, suffered by plaintiff as a result thereof."

It is true plaintiff did show these facts, and if those were the only facts shown, plaintiff's contention would be tenable. Defendant, however, in its affidavit of merits, asserted that there was a written contract between plaintiff and defendant, containing certain provisions, among which was the one with reference to filing claim within ten days, of loss or damage suffered, which, not having been complied with by plaintiff, prevented a recovery. Plaintiff contends, however, that there was no written contract entered into by him; that because the provisions contained therein were not read by him, were not called to his attention by defendant, and were not assented to by him, therefore he was not bound by them.

Plaintiff stated in his testimony that at the time he made the shipment in question, the defendant's agent at Assumption, the initial point of shipment, said, "sign your bill;" that he signed it, and "he gave me a contract, and I went away." Repeatedly in the course of his testimony plaintiff used the word "con-

tract," and counsel for plaintiff offered the contract at the time of the trial, for the purpose of showing the initial point of shipment and the destination. Defendant objected, insisting that the entire contract be placed in evidence. At this time it was practically admitted by defendant that the initial point of shipment was Assumption and the destination was Chicago, Illinois; whereupon counsel for plaintiff said, "All right then, we will not offer it." Later on, after cross-examination of plaintiff had been completed, his counsel made the following offer:

"I offer that portion of the *contract,* showing the initial point, Assumption, showing the destination Chicago, Illinois, the consignee and the consignor, showing the number of horses and the number of the car."

On objection being made, the court sustained the objection, on the ground that the entire written contract should be introduced in evidence.

It furthermore appeared from the evidence that plaintiff had been in the habit of making two or three shipments per week for a period of about four years, and that he had entered into more than four hundred transactions identical with the one in question. Plaintiff also testified that he never read any of the contracts, although they were signed by him, and that his attention was never called to the contents thereof.

While plaintiff contends that the number of times he made shipments, and the circumstances in attendance cannot be considered as rebutting the positive testimony that he had not read these contracts, and had no knowledge of their contents, so as to be bound thereby, and while defendant contends to the contrary, it is not necessary for us to determine that issue, because that contention does not go to the question whether or not there was a contract but to the question whether or not plaintiff was bound by it.

The real question in this case is, whether or not from the evidence offered by plaintiff, it appeared that

a written contract had been entered into. If so, under the ruling in *Kitza v. Oregon Short Line R. Co.,* 169 Ill. App. 609, and in *Burtless v. Oregon Short Line R. Co.,* 180 Ill. App. 249, it was incumbent upon plaintiff to offer the written contract in evidence, and if necessary because of evidence offered by the defendant as to the application of any provisions therein precluding a recovery, then to introduce evidence, if any there was, to show why the provisions in said contract relied upon by defendant to defeat a recovery did not control. *Wabash R. Co. v. Thomas,* 222 Ill. 337.

As already stated, plaintiff said he signed a paper, which he repeatedly designated as a contract; plaintiff's counsel repeatedly referred to this paper as a contract. Counsel also used the language heretofore quoted:

"I offer that portion of the contract, showing the initial point, Assumption, showing the destination Chicago, Illinois, the consignee and the consignor, showing the number of horses and the number of the car."

The reason counsel gave for offering only so much of the contract was that the other conditions therein were not binding, because under the testimony of the plaintiff, he had never read them, they were unknown to him, his attention had never been called to them, that therefore he could not be said to have assented thereto. But that was a conclusion to be arrived at not by counsel or by the plaintiff, but by the court, and the court could not arrive at any conclusion unless the contract was in evidence.

The contract itself appears in the record in this case and is marked "Plaintiff's Exhibit 1," for identification. This record was prepared by counsel for plaintiff, and the contract can have been placed in the record only to show that it contained that part which was offered in evidence the refusal of which is assigned as error. From the record in this case it is clear that there was a written contract. Whether or not all the conditions in said contract were binding whether or not

the limitations contained therein were contrary to the law of our State, were questions to be determined by the court, sitting both as court and jury. But in the absence of the contract he could not pass thereon.

Plaintiff contended during the oral argument before this court, and, inferentially at least, in his brief, that he could offer any portion of the contract he desired, and if defendant wished to have the benefit of any other part of the contract, he had the privilege of introducing it in evidence, and that it was not plaintiff's duty to do so. Counsel refers us to cases wherein portions of letters or records of title were offered in evidence and objection was made that the entire letter or record should have been offered in evidence, but the court held that the party might offer such part of letter or record as he desires, and the other party, if he desires the benefit of the whole letter or record, might then offer it in evidence. However, in those cases it was not a question of a written memorandum indicating a contract either in part or entirely, but such memorandum or the part thereof which was offered was simply evidence in corroboration or contradiction of the various contentions of the parties.

Counsel, on this phase of the case, place considerable reliance in the case of *Gemberling v. Grand Trunk Western Ry. Co.*, 192 Ill. App. 53. In that case the plaintiff produced a bill of lading that had been issued by the defendant to the plaintiff, and offered in evidence only the face of it. Objection was made that the plaintiff should introduce the entire bill of lading, including certain printed conditions on the back thereof. The court, however, permitted the plaintiff to introduce only the face of it. The defendant excepted to the ruling, but did not offer at any time to introduce the back of it. We upheld the ruling of the court below, and stated that defendant had the right to introduce said portion if it saw fit.

However, the facts in that case were quite different

from those in the case at bar. There the court admittedly had before it a written instrument. The face of the bill of lading was a complete written contract in itself, or a written receipt of the shipment for transportation, and under our authorities it could be either or both. The written conditions on the back, as far as the evidence in that case showed, were not necessary to the interpretation of the face of the bill, and if they in any way limited the right of recovery as established by the face of the bill of lading containing the same, either as a contract or a receipt, or both, then it remained for the defendant to offer the same and show that under the law he was entitled to the benefit of such limitation. But such was not the situation in the case at bar. The written contract itself was not offered in evidence, but only "that portion of the contract, showing the initial point, Assumption, showing the destination, Chicago, Illinois, the consignee and the consignor, showing the number of horses and the number of the car." These facts in themselves did not establish a written contract or a written form of receipt. Moreover, these facts had already been proven in the case, and in fact were not denied in the affidavit of merits. Therefore, the offered portion of the contract was not necessary for that purpose. The facts in the case at bar make the case of *Gemberling v. Grand Trunk Western Ry. Co., supra,* inapplicable, and plaintiff's counsel refer us to no case wherein the facts and the law support his contention.

As stated above, the evidence shows very clearly that the contract between these parties was in writing, and that it was not offered in evidence. Plaintiff could not recover on an oral contract when the evidence showed a written contract existed. Therefore, the court did not err in finding the issues for the defendant.

For the foregoing reasons, the judgment will be affirmed.

*Affirmed.*