CHICAGO—FIRST DISTRICT—MAY, 1916.    469

Cochrane et al. v. Chicago Great Western R. Co., 199 Ill. App. 469.

5. CORPORATIONS, § 710*—*what does not constitute doing business within State by foreign corporation.* Soliciting of orders in this State by an agent of a foreign corporation is not doing business by such corporation, within the meaning of the statute regulating activities of foreign corporations within the State.

---

**Robert B. Cochrane and Luman H. Cochrane, trading as Cochrane Brokerage Company, Plaintiffs in Error, v. Chicago Great Western Railroad Company, Defendant in Error.**

**Gen. No. 21,160.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding  Heard in the Branch Appellate Court at the March term, 1915.  Reversed and remanded.  Opinion filed May 12, 1916.

## Statement of the Case.

Action by Robert B. Cochrane and Luman H. Cochrane, trading as Cochrane Brokerage Company, plaintiffs, against the Chicago Great Western Railroad Company, a corporation, defendant, to recover for damage to a shipment of pears. To reverse a judgment for defendant, plaintiffs prosecute a writ of error.

Plaintiffs' statement of claim alleged, in substance, the shipment of the pears by the plaintiffs over defendant's road from Kansas City, Missouri, to Marshalltown, Iowa; that the pears were in first-class merchantable condition at the time of shipment; that upon their arrival at destination they were found to be in bad condition and unmerchantable; and that plaintiffs suffered damages in the sum of $1,000.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

470     Appellate Courts of Illinois.

Cochrane et al. v. Chicago Great Western R. Co., 199 Ill. App. 469.

Defendant's affidavit of merits admitted the shipment of the pears by the plaintiffs over the defendant's road, but denied that any loss or damage was sustained to the shipment while in the possession, custody or control of the defendant; denied that, at the time of shipment, the pears were in a first-class merchantable condition, and alleged that the same were in a damaged and unmerchantable condition when delivered to defendant for shipment. Defendant further denied that it was indebted to the plaintiffs in any sum or sums whatever, by reason of the matters and things alleged in plaintiffs' statement of claim.

The evidence tended to show that the pears, when loaded at Kansas City, were in good condition; that the car in which they were loaded, during the trip to Marshalltown, was not properly ventilated; that when the car arrived at Marshalltown the pears were in a damaged condition; that the amount of damage suffered by the plaintiffs by reason of the manner in which the pears were transported was $293.55.

At the close of the plaintiffs' case, the court found the issues for the defendant on the ground that it was incumbent upon the plaintiffs to produce a bill of lading, or satisfactorily account for its absence. The defendant contended that, as this was an interstate shipment, and governed by the Federal law which required the issuance of a bill of lading, in the absence of proof to the contrary, it will be presumed that a bill of lading was issued when the shipment was delivered to the defendant; and that it was therefore necessary for the plaintiffs to have either produced the bill of lading or satisfactorily accounted for its absence before they could recover.

Stewart Reed Brown, for plaintiffs in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; JOHN BARTON PAYNE and FRANK H. TOWNER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS—*when production of bill of lading or accounting therefor unnecessary.* In an action for damages to an interstate shipment of fruit caused by defendant carrier's negligence where the plaintiff bases his claim on an oral contract of shipment, it is not incumbent upon him to produce or account for the absence of a bill of lading before he can recover.

2. CARRIERS, § 139*—*when evidence sufficient to establish prima facie case for negligent loss of fruit.* In an action for damages to an interstate shipment of fruit caused by defendant carrier's negligence, evidence examined and *held* to make out a prima facie case for the plaintiff.

*See *Illinois Notes Digest,* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.