First District—December, 1925.    151

Am. Fruit Growers v. S. A. & A. Pass Ry. Co., 239 Ill. App. 151.

# American Fruit Growers, Inc., of Illinois, trading as Crutchfield, Woolfolk & Glore (corporation), Appellant, v. San Antonio and Aransas Pass Railway Company, Appellee.

## Gen. No. 30,040.

1. CARRIERS—*applicability of Carmack Amendment.* The liability of a carrier for damages due to delay in the transportation of goods moving in interstate commerce is governed by the provisions of the Carmack Amendment.

2. CARRIERS—*necessity of introducing bill of lading shown to have been issued.* Where the record in an action against a carrier for damages due to delay of a shipment shows that a bill of lading covering the shipment was issued by the carrier, the plaintiff may not recover if he fails to introduce such bill of lading in evidence.

3. CARRIERS—*liability where shipment accepted without issuance of bill of lading.* Where a carrier undertakes the transportation of goods upon an oral agreement, and no bill of lading is issued covering such shipment, such carrier may be liable for negligence resulting in delay in the transportation and consequent damage to the goods shipped.

4. CARRIERS—*want of bill of lading as defense where no issue raised as to nature of shipping contract.* Where a shipper, suing for damages for delay in transporting a shipment of goods, declares upon an alleged oral agreement covering such shipment, and no issue is made by the carrier, in its affidavit of merits, touching the nature of the agreement, the carrier may not successfully contend that the plaintiff may not recover in the absence of a bill of lading.

5. CARRIERS—*declaration stating elements of tort action as stating cause of action upon contract.* Where the declaration in an action by a shipper against a carrier in substance alleged a promise by the carrier to transport certain goods from one named point to another, within a reasonable time, and a negligent failure of such carrier to so transport such goods, whereby plaintiff was damaged, such declaration, while containing the elements of both a tort action and one upon contract, plainly stated a cause of action based upon the alleged promise.

6. CARRIERS—*burden of proof as to nature of shipping contract in action declaring upon alleged agreement.* Where the plaintiff in an action against a carrier for damages from delay in trans-

porting a shipment bases his action upon an alleged promise of the carrier to transport such goods within a reasonable time, and the defendant enters a plea of non assumpsit, the plaintiff has the burden of proving that the defendant did promise as alleged in the declaration.

7. Carriers—*bill of lading, or secondary proof thereof, as evidence of carrier's contract.* Proof that a carrier undertook, as alleged in the declaration of a shipper seeking damages for delay of a shipment, to transport such shipment within a reasonable time, may be properly made only by introducing in evidence the bill of lading or by accounting for its absence, and, in that event, by making proper secondary proof.

8. Carriers—*necessity of proof of lawful ownership of bill of lading.* The plaintiff in an action against a carrier for damages for failure to transport a shipment moving in interstate commerce within a reasonable time may not recover unless he proves that he is the lawful owner of the bills of lading under which it was shown the shipment moved.

9. Carriers—*plea of non assumpsit to declaration on contract of shipment as raising issues as to existence and ownership of bill of lading.* Where the plaintiff in an action against a carrier for damages due to delay in transporting a shipment moving in interstate commerce alleged in the declaration a promise by defendant to transport the shipment within a reasonable time, to which defendant pleaded non assumpsit, defendant was not precluded from contending, on appeal, that plaintiff had failed to prove the contract set forth in the bill of lading under which the shipment moved, or that it was the lawful holder of such bill, because such matters had not been set up in special pleas.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. James S. Baldwin, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Affirmed. Opinion filed December 23, 1925.

Blum, Blum & DeLaney, for appellant; J. V. De Laney, of counsel.

Townley, Wild, Campbell & Clark, for appellee; Charles V. Clark and Frederick D. Carroll, of counsel.

Mr. Presiding Justice Thomson delivered the opinion of the court.

The plaintiff brought this action against the defendant railway company to recover damages alleged to have been suffered by reason of the delay in transporting two cars of onions from points in Texas, one car to Kansas City, Missouri, and the other car to Baltimore, Maryland. It was the plaintiff's contention that there was a decline in the market price of onions at the respective points of destination, during the periods of delay complained of, which caused the losses sued for. The plaintiff also sought, by this action, to recover the value of three crates of onions which had been lost from the car which went to Baltimore, amounting to $16.50. The plaintiff's declaration consisted of two sets of counts. In the first set of counts the plaintiff alleged that the defendant was a common carrier and that the plaintiff delivered to it, as such, at Laredo, Texas, 460 packages of onions, and in consideration of a certain reward to be paid to the defendant, it promised the plaintiff that it would safely and securely convey the onions from Laredo, Texas, to Kansas City, Missouri, and deliver them to the plaintiff within a reasonable time. Yet, not regarding its promise, the defendant did not convey the onions from Laredo, Texas, to Kansas City, Missouri, nor deliver them to the plaintiff within a reasonable time, but, on the contrary, so negligently conducted itself with respect to the carriage of the onions and their delivery within a reasonable time, that by and through such carelessness and negligence and default of the defendant, the plaintiff suffered the loss sued for. The second set of counts in the plaintiff's declaration contained similar allegations with reference to 540 crates of onions, making up the shipment to Baltimore, Maryland. The defendant filed a plea of the general issue. A jury was waived and the cause was submitted

to the court. The court found the issues for the plaintiff but assessed its damages only at the sum of $16.50, being the value of the three crates of onions lost en route from the car that went to Baltimore. The plaintiff perfected this appeal from that judgment, its contention being that the court erred in failing to award it damages on the alleged loss which the plaintiff contends it suffered by reason of the delay in the transportation of these two shipments.

A number of contentions are presented by the plaintiff in support of its appeal, and these matters are discussed by counsel for both parties in their briefs. In the view we take of this case, it will not be necessary for us to refer to these matters.

The defendant contends that the plaintiff failed to make such proof as entitled it to any recovery in this case, because it failed to introduce in evidence the bills of lading covering the shipments in question. The proof shows that the shipments of the two cars of onions originated at the same point, namely, Corpus Christi, Texas, and it further shows that there were bills of lading issued by the defendant covering both of these cars and that the point of destination specified in each bill of lading was Waco, Texas. The plaintiff did not introduce the bills of lading in evidence, nor did it account for its failure to do so. Counsel for the plaintiff states in the brief filed in its behalf in this court, that the plaintiff's suit was brought against the defendant under the Carmack Amendment to the Interstate Commerce Act. If the defendant was liable to respond in damages on these shipments, that liability was under the provisions of that Act. Where the record shows that a bill of lading has been issued, the shipper may not recover against the carrier if he fails to introduce it in evidence. *Kitza v. Oregon Short Line R. Co.,* 169 Ill. App. 609; *Burtless v. Ore-*

*gon Short Line R. Co.*, 180 Ill. App. 249; *Finkelstein v. Illinois Cent. R. Co.*, 198 Ill. App. 75.

In *Gemberling v. Grand Trunk Western Ry. Co.*, 192 Ill. App. 53, this court said that in an action against a carrier to recover damages for the negligent delay of a shipment of goods, the introduction of the bill of lading was not essential to a recovery, citing *Gamble-Robinson Commission Co. v. Union Pac. R. Co.*, 262 Ill. 400. In the *Gemberling* case, the face of the bill of lading, showing the contract between the parties, was introduced in evidence. In the *Gamble-Robinson* case the question was whether the railroad was liable for a delay in the transportation of the goods there involved, beyond the point of original destination, and the proof showed that the railroad had not issued a bill of lading covering that part of the transportation. Of course the rule requiring the introduction of the bill of lading in evidence does not apply where the proof shows one was not issued by the carrier. A carrier may be liable for negligence resulting in delay in the transportation and consequent damage to the goods shipped, where the transportation was undertaken on an oral agreement and no bill of lading was issued, and where the shipper sues for damages in such a case, declaring on an oral agreement and no issue is made, on the nature of the agreement by the carrier, in its affidavit of merits, the latter may not successfully contend that the plaintiff may not recover in the absence of a bill of lading. *Cochrane v. Chicago Great Western R. Co.*, 199 Ill. App. 469. These cases, however, do not apply, where the proof shows a bill of lading was issued or where the proof fails to show one was not issued, for, in the absence of inconsistent averments in the pleadings, the presumption is that one was issued as the statute requires. *Burtless v. Oregon Short Line R. Co.*, 180 Ill. App. 249.

But, in response to that contention the plaintiff replies that it did not bring its action for a breach of contract but in tort, based on the negligence of the carrier. An examination of the plaintiff's declaration shows that its counts all contained both the elements of a tort action and the elements of a contract action. The plaintiff's action is, from the allegations contained in his declaration, plainly based upon the alleged promise or undertaking of the defendant, to carry the goods in question from a point of shipment in one State to a point of destination in another State. The plea of the defendant, which joined the issues on which this case was tried, was a plea of *non assumpsit* and not such a plea as would have been suitable in replying to a declaration in tort. The plaintiff, having declared on the alleged promise of the defendant, as set forth in the declaration, and the defendant having pleaded "that it did not assume or promise in manner or form as the plaintiff has above thereof complained against it," the plaintiff has the burden of proving by proper evidence that the defendant did enter into the promise, as alleged in the declaration. If there was a bill of lading, that necessarily constituted the defendant's promise, and proper proof as to whether the defendant did enter into the promise, as alleged, may only be properly made by introducing that bill of lading or by accounting for its absence, and, in that event, make proper secondary proof.

Furthermore, the liability of the defendant in this case being governed by the Interstate Commerce Act, the plaintiff could not recover unless it proved that it was the lawful owner of the bills of lading, which the record shows were issued by the defendant on these cars, for the Act provides that suits for any loss, damage or injury, to property transported from a point in one State to a point in another, must be brought by

the holder of the bill of lading. *Gamble-Robinson Commission Co. v. Union Pac. R. Co.,* 180 Ill. App. 256, 262 Ill. 400.

The plaintiff in the case at bar attempted to show a number of reconsignments of these cars following the original shipment and it is the contention that these various reconsignment orders were duly delivered, but that they were so negligently executed that the goods arrived at the respective points of ultimate destination, after unreasonable delays. The court made appropriate findings of fact that the plaintiff had failed to establish those contentions. Whether the proof was such as to warrant those findings is, in our opinion, not material, for the reasons above stated.

It is the plaintiff's contention that the defendant is not in a position to make the point in this court that the plaintiff failed to prove the contract set forth in the bill of lading or that the plaintiff was the lawful holder of the bill of lading, because the defendant failed to set up those matters in special pleas. In our opinion, that argument is not sound. The declaration specifically alleged that the defendant accepted these shipments from the plaintiff and promised to transport them, as set out in the declaration. The plea of the defendant said, in effect, that it did not so promise to the plaintiff. That was sufficient.

For the reasons stated the judgment of the circuit court is affirmed.

*Judgment affirmed.*

TAYLOR and O'CONNOR, JJ., concur.