Wood & Company, Appellant, v. Illinois Central Railroad Company, Appellee.

### Gen. No. 30,441.

1. CARRIERS—*necessity for production of bill of lading or explanation of loss and proof of contents, in action for negligent performance of shipping contract.* Where it appears, in an action against a carrier for negligent performance of its contract to transport goods, that the carrier has issued a bill of lading governing the shipment, it is incumbent upon the plaintiff either to introduce the bill of lading as the best evidence of the contract, or to account for its loss or inability to produce it and prove its contents by oral evidence.

2. CARRIERS—*presumptive applicability of Carmack Amendment to action for negligent performance of interstate shipping contract where precise place of injury not alleged.* Where an action for damages resulting from negligence in the transportation of an interstate shipment is brought against the defendant railroad as initial carrier, and no proof is made that the alleged injury occurred at any particular point in the route of transportation, the action will be deemed one based upon the defendant's duty as to through transportation under the Carmack Amendment to the Interstate Commerce Act, and hence upon the contract expressed by the bill of lading issued covering such shipment.

3. CARRIERS—*prerequisites to recovery against interstate carrier based upon its common-law liability.* No recovery may be had

Wood & Co. v. Illinois Central R. Co., 240 Ill. App. 6.

against an interstate carrier upon an allegation of a breach of its common-law duty to transport and safely deliver a shipment in the absence of proof that the alleged loss or damage occurred on its line or through its neglect.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Affirmed.   Opinion filed March 16, 1926.

BLUM, BLUM & DeLANEY, for appellant; J. V. DE LANEY, of counsel.

VERNON W. FOSTER, for appellee; JOHN G. DRENNAN, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This case was tried before the court without a jury on a single count of the declaration, and the plea of general issue.   At the conclusion of plaintiff's evidence, the court, on defendant's motion, made a finding and entered judgment in favor of defendant, from which this appeal is taken.

The real question presented is whether plaintiff's evidence, with the legitimate conclusions therefrom, fairly tends to sustain the cause of action as laid down in the declaration.

Said count charges defendant as "initial carrier" with having received and accepted a car of bananas for safe transportation from New Orleans, Louisiana, to Ranger, Texas, and with having defaulted in its special promise to safely and securely transport and deliver the same; from which plaintiff suffered loss and damage.

Plaintiff's evidence consisted of depositions, which are to the effect that the bananas were loaded in defendant's car, designated as "I. C. 59,146," at New Orleans, and delivered in that car to plaintiff as the

purchaser of the fruit, at Ranger, Texas; that defendant issued a bill of lading therefor, which was produced by plaintiff's counsel and a copy of which was attached to one of the depositions; that the bananas were in a green and proper condition when loaded, that they were packed in the usual way described, that five days later they reached their destination in a mashed, ripe and unsaleable condition, which the evidence tended to show was attributable to "rough handling," caused by negligent management or bumping of the cars or otherwise in the course of transportation so that the load shifted towards one end of the car. The depositions also contained proof of the quantity and quality of the fruit both at the point of shipment and at the point of arrival, and the amount of damages sustained.

On reading the deposition, to which a copy of the bill of lading was attached, plaintiff's attorney offered the front page of the bill, saying that he did not offer the back thereof because it was contrary to the federal statutes. Defendant's counsel objected to the offer of only a portion of the bill of lading on the ground that it was an entire contract and that both the face and back thereof should be introduced. The court sustained the objection. Thereupon plaintiff's attorney stated that he would not offer any bill of lading or the exhibit so attached to the deposition.

Appellant contends that it made out a prima facie case of liability under the common-law duty of a carrier to safely transport and deliver, and that the action was predicated thereon and not on the bill of lading or written contract, and therefore it was unnecessary to introduce the bill of lading.

It has been held by this court in like actions that where it appeared a bill of lading was issued or the contract was in writing it was incumbent upon the plaintiff to introduce it as the best evidence of the contract, or account for its loss or inability to pro-

duce it and prove its contents by oral evidence. (*Kitza v. Oregon Short Line R. Co.*, 169 Ill. App. 609; *Burtless v. Oregon Short Line R. Co.*, 180 Ill. App. 249; *Idaho Sheep Co. v. Oregon Short Line R. Co.*, 188 Ill. App. 591; *Finkelstein v. Illinois Cent. R. Co.*, 198 Ill. App. 75.) The facts in those cases are not distinguishable from those in the instant case so far as that principle is involved.

In support of its contention appellant's counsel cite the proviso in the Carmack Amendment to the Interstate Commerce Act, reading, "that nothing in this act shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law"; also, the court's language in *Gamble-Robinson Commission Co. v. Union Pac. R. Co.*, 262 Ill. 400, that "the liability imposed by the act is not dependent upon the issue of such receipt or bill of lading. The liability is created by the railroad company receiving and agreeing to the shipment of property. The receipt or bill of lading is evidence of the contract but its issuance is not necessary to create the liability"; and also *Shellabarger Elevator Co. v. Illinois Cent. R. Co.*, 278 Ill. 333, 346, where the court referred to the fact that the action was not on the bill of lading "but on the failure of appellant to perform its duty to safely carry and deliver the grain."

In the *Gamble-Robinson* case plaintiff claimed loss or damage sustained where fruit arrived in damaged condition at ultimate points of destination over lines not belonging to defendant in the case, there having been a diversion of the shipment under an oral agreement from the end of defendant's line to which the bill of lading issued read. But as defendant was liable under the Carmack Amendment for the interstate shipment for damage or injury to the property, whether caused by it or by any connecting carrier to which the goods were delivered for transportation, the

court held that if the defendant had not undertaken and agreed to continue the shipment beyond the point of diversion to the final destination its liability would have ceased when the property arrived at the end of its line, but that it having agreed orally to the diversion beyond that point and caused the shipment to be made over the lines of other common carriers it was liable under the express provisions of the Carmack Amendment the same as if the bill of lading had read to the point of ultimate destination. In that connection it used the language above stated, holding that while the receipt or bill of lading is evidence of the contract the reshipping of the cars from the point of diversion under an oral agreement "was a modification of the original contract of carriage as evidenced by the original bills of lading." The bill of lading, therefore, did not evidence the entire contract.

In the *Shellabarger Elevator Co.* case the action was for the loss of grain in transit. The shipper sold the grain according to weights at the places of delivery and delivered the bills of lading to the purchasers and they were surrendered to the railroad company and canceled. The point was made that the carrier's liability was to the holder of the bill of lading under the Carmack Amendment, and that plaintiff was not the holder thereof. The purchasers of the grain received and paid for all they bought and had no cause of action against the carrier. The cause of action there was for shortage of weights, and in holding that the right to sue therefor was in the shipper under such circumstances, the court used the language above quoted, and said that the action "was not under the Carmack Amendment, which refers only to the bills of lading." The bills of lading, however, in both cases were introduced in evidence, and there was no contention in either case that the liability could be shown without proof of the actual contract.

It is recognized that this was an interstate ship-

ment and, therefore, governed by the Interstate Commerce Act. While there was no proof of the route or routes of transportation, it is manifest by bringing the action against defendant as "initial carrier" the transportation must have continued from defendant's line over a connecting line or lines, and that plaintiff based its action on the Carmack Amendment which modified the law as theretofore existing, by requiring the first or receiving carrier in an interstate shipment of goods to issue a receipt or bill of lading therefor and by making it "liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier * * * to which such property may be delivered." It was held in *Atlantic Coast Line R. Co. v. Riverside Mills,* 219 U. S. 186, that this amendment imposes upon the first carrier which receives property in one State for transportation in another State "the obligation of through transportation, with carrier liability throughout." Because no proof was made that the loss or injury occurred at any particular point on the route or routes of transportation it must be inferred that plaintiff based its suit on said amendment, that is on its obligation for through transportation, and therefore upon the contract expressed in the bill of lading. Conceding for sake of argument that an interstate carrier may be held liable for damage or loss that occurs on its own line on the theory of its common-law liability to transport and deliver safely thereon, yet it failed to sustain such a cause of action in the absence of making any proof that the loss or damage occurred on its line or through its neglect. Upon either theory of liability, therefore, plaintiff failed to make out a cause of action against defendant. Accordingly the judgment is affirmed.

*Affirmed.*

GRIDLEY and FITCH, JJ., concur.